IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEBORAH A. BLANKENSHIP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 15-318-SLR/SRF |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this 12th day of October, 2016, having reviewed the objections filed by plaintiff to the Report and Recommendation issued by Magistrate Judge Fallon on September 9, 2016, as well as defendant's response thereto;

IT IS ORDERED that the Report and Recommendation (D.I. 22) is affirmed and the objections (D.I. 23) overruled, for the reasons that follow:

1. **Legal standard.** A district judge is charged with conducting a de novo review of a magistrate judge's report and recommendation to which specific, written objections are made. 28 U.S.C. § 636(b)(1); *see also Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Although review is de novo, the district judge, in exercising her sound discretion, is permitted to rely on the recommendation of the magistrate judge to the extent she deems proper. *United States v. Raddatz*, 447 U.S. 667, 676-677 (1980); *Goney v.*

*Clark,* 749 F.2d 5, 7 (3d Cir. 1984).

2. In her Report and Recommendation, Magistrate Judge Fallon recommended that plaintiff's motion for summary judgment be denied and defendant's motion for summary judgment of no disability be granted. Plaintiff contends that Magistrate Judge Fallon erred when she found that: (1) the ALJ properly considered the evidence regarding plaintiff's complaints of left flank pain; and (2) substantial evidence supported the ALJ's decision to assign no weight to the treating physicians' disability opinions.

3. **Left flank pain.** Magistrate Judge Fallon committed no error in evaluating the ALJ's assessment of plaintiff's left flank pain. As noted in the Report and Recommendation, the record does not support plaintiff's contention that her left flank pain significantly limited her ability to do basic work activities. Indeed, aside from plaintiff's subjective complaints of pain, the objective evidence of record described the pain (for the most part) as minimal to mild (tenderness upon examination) or normal (diagnostic testing).[1] Moreover, where the ALJ found another impairment to be severe (here, cervical degenerative disc disease) and continued through the sequential evaluation process with explicit consideration of plaintiff's subjective complaints of pain,[2] there is no error. *See Salles v. Comm'r of Soc. Sec.,* 229 F. App'x 140, 145 n.2 (3d Cir. 2007) (citing *Rutherford v. Barnhart,* 399 F.3d 546, 553 (3d Cir. 2005)).

4. **Treating physicians' disability opinions.** Two of plaintiff's treating physicians completed forms by which they opined that plaintiff was disabled.

---

[1] (D.I. 22 at 18-20)

[2] (*See* administrative transcript at 34-41)

Magistrate Judge Fallon did not err in finding that the ALJ properly discounted such opinions because they were inconsistent with the record, not supported by their own treatment notes of other medical signs and laboratory findings, were conclusory, and were based primarily on plaintiff's subjective complaints.[3] As noted by defendant, "the opinion of a treating physician does not bind the ALJ on the issue of functional capacity," *Brown v. Astrue,* 649 F.3d 193, 196 n.1 (3d Cir. 2011), especially where (as here) the opinions are "conclusory, lacking explanation, and inconsistent with other medical evidence in the record." *Griffin v. Comm'r of Soc. Sec.,* 305 F. App'x 886, 891 (3d Cir. 2009). Magistrate Judge Fallon correctly found that the ALJ appropriately considered the treatment records and diagnostic testing in discounting the disability opinions of plaintiff's treating physicians. It is not for the court to re-weigh the evidence or to resolve conflicts in the evidence. *See Rutherford v. Barnhart,* 399 F.3d 546, 552 (3d Cir. 2005).

IT IS FURTHER ORDERED that:

5. Plaintiff's motion for summary judgment (D.I. 12) is denied.

6. Defendant's motion for summary judgment (D.I. 17) is granted.

7. The Clerk of Court is directed to enter judgment in favor of defendant and against plaintiff.

United States District Judge

---

[3] (D.I. 22 at 21-24)